UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ESPINOZA CESAR,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, et al.,<br><br>　　　　　　Respondents. | Case No. 2:22-cv-09026-CAS-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

**I.**

**INTRODUCTION**

On December 12, 2022, the Court received from Espinoza Cesar ("Petitioner"), a federal prisoner at FCI II-Victorville II (the "Prison") proceeding pro se, a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt.1, "Pet." or "Petition"), purporting to challenge "Unlawful Conditions and Tortious Acts to which [Petitioner] is being Exposed to while Serving a Federal Sentence at THE F.C.I. II." Pet., ¶ 5. The Petition purports to challenge actions that took place on November 28 and 29, 2022; Petitioner has not filed a grievance or sought an administrative remedy regarding the alleged conduct. Pet., ¶¶ 6(d), 7. Petitioner is not challenging his underlying

conviction or sentence. Pet., ¶ 10. He asserts four grounds for relief, all relating to actions improper actions that he alleged took place at the Prison, including alleged "Abusive Body Searches" (Ground One), refusal to provide certain BOP forms (Ground Two), "Improper Custodial Interrogations" (Ground Three), and threats of violence if complaints were made (Ground Four), citing various federal statutes and regulations, Federal Bureau of Prisons ("BOP") Program Statements, and, in Ground One, the Eighth Amendment. Pet., ¶ 13. As for relief, Petitioner seeks that the Prison's "MALADMINISTRATION be Informed of 'ALL' The Laws, Rules and Regulations that have been Enacted for them to Follow," his immediate release, a "CASH GRATUITIES VOUCHER," and an order that the Prison's officers "Refrain from further Committing Wrongful Acts Against [Petitioner]." Pet., ¶ 15.

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005). The Court has reviewed the Petition under Rule 4 of the Habeas Rules and finds the Petition is subject to dismissal for the reasons explained below.

## II.
## DISCUSSION

"Federal law opens two main avenues to relief on complaints related to imprisonment"—a petition for habeas corpus and a civil rights complaint. Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). Relief in the form

of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). In general, habeas proceedings provide a forum in which to challenge the "legality or duration" of a prisoner's confinement. Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) (as amended); see also Nettles v. Grounds, 830 F.3d 922, 927, 934 (9th Cir. 2016) (en banc) (habeas is "the exclusive vehicle" for claims that fall within "the core of habeas corpus," that is, claims challenging "the fact or duration of the conviction or sentence"). By contrast, a civil rights action is the "proper remedy" for a petitioner asserting "a constitutional challenge to the conditions of [her] prison life, but not to the fact or length of [her] custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the] core" of habeas corpus and instead, should be brought as a civil rights action "in the first instance"); Greenhill v. Lappin, 376 F. App'x 757 (9th Cir. 2010) (appropriate remedy for claim related to the conditions of confinement lies in a civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)). Thus, if success on a habeas petitioner's claim would not necessarily lead to her immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and thus, must be pursued, if at all, in a civil rights action. See Nettles, 830 F.3d at 935; see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

Here, all grounds for relief in the Petition relate to Petitioner's conditions of confinement, and success on these claims would not result in an immediate or speedier release from custody, despite the relief sought. See Nettles, 830 F.3d at 933 (explaining that "prisoners may not challenge mere conditions of

confinement in habeas corpus"); Shook v. Apker, 472 F. App'x 702, 702-03 (9th Cir. 2012) (finding claims on conditions of confinement were properly brought under Bivens despite the relief sought); Stephens v. Cty. of San Bernardino, 2019 WL 1412123, at *1 (C.D. Cal. Feb. 20, 2019) (concluding that conditions of confinement claims must be brought in 42 U.S.C. § 1983 action regardless of the petitioner's request for release from custody), report and recommendation accepted by 2019 WL 1406954 (C.D. Cal. Mar. 27, 2019); Crane v. Beard, 2017 WL 1234096, at *4 (C.D. Cal. Apr. 3, 2017) (finding that retaliation claim challenged the petitioner's conditions of confinement and therefore, was not cognizable on federal habeas review).

As such, it appears that the Court lacks jurisdiction to hear the Petition.[1]

## III.
## ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed by filing a written response **by no later than thirty (30) days from the date of this Order** which sets forth any valid legal and/or factual reasons why the Petition should not be dismissed for the foregoing deficiencies.

Petitioner is cautioned that a failure to respond timely in compliance with this Order may result in dismissal for the reasons explained above and for failure to prosecute and comply with a Court order. See Fed. R. Civ. P. 41(b).

Dated: December 19, 2022

/s/ John D. Early
JOHN D. EARLY
United States Magistrate Judge

---

[1] Although a non-cognizable habeas petition may be converted into a civil rights complaint with the prisoner's informed consent, Nettles, 830 F.3d at 935-36, here, conversion is not warranted as a civil rights claim may itself not be cognizable, would impose a higher filing fee upon Petitioner, could involve different defendants/respondents, and has different exhaustion requirements.